JOHNSON *v.* CUYAHOGA COUNTY COMMUNITY COLLEGE ET AL.

(No. 80083 — Decided December 27, 1985.)

Court of Common Pleas of Cuyahoga County.

*Ishmael C. Childs,* for plaintiff.
*Byron D. Fair,* for defendants.

JAMES J. MCMONAGLE, J.  This cause comes before the court upon the motion of the defendants, Cuyahoga County Community College, lecturer in nursing Richard Buesch, and assistant professor Irene Clyde, to dismiss, or, in the alternative, for summary judgment. Plaintiff, Sarah P. Johnson, alleges that defendants arbitrarily and capriciously graded her final èxam in Course 230 of the Nurse Training Curriculum, causing her to receive a failing final grade, and denying her the opportunity to take the state board examination convening in July 1983.

Deposition evidence indicates that plaintiff was advised at the midterm point of Course 230 that she "should work harder." After being notified of her failure at the close of the term, the plaintiff pursued her administrative remedies as set forth in Section 30 of the Nursing Education Student Handbook. She had two informal meetings. The first included Sandra S. Shumway, Director of Nursing Education, and the second was attended by Deans Sobel and Rudy. A letter was sent to the plaintiff advising her that the final test as well as her overall performance were reviewed and analyzed. In conclusion, she was told that she had indeed failed the course with a 73.7 percent average and that she could repeat the course in the winter quarter or continue with the formal grievance process. The plaintiff elected to proceed with a formal grievance. At a site hearing involving student and faculty, David C. Mitchell, Provost of the Eastern Campus, denied her grievance. For her next step, the plaintiff filed her complaint with the District-Wide Appeals Board. The board recommended that plaintiff's request for an award of additional points on the

final examination be denied; and, David L. Kinzel, Vice President for Human Resources at Cuyahoga Community College, upheld the board's decision. Plaintiff immediately appealed to the Management Committee of the Board of Trustees. Said committee decided to affirm all the prior denials of her grievance. In a letter dated January 30, 1984, plaintiff was informed that there would be no further internal action. Consequently, the instant complaint was filed.

As a general rule, the burden is upon the student to show the existence of arbitrariness, capriciousness, or bad faith in the grading procedure or system. The plaintiff herein has failed to satisfy that burden in the face of substantial evidence to the contrary. Clearly, there were available channels for a disgruntled student to voice objections, and there was a network within which a number of different people reviewed the quality of the examination questions as well as her answers.

This fact pattern presents a unique claim in this court and one without Ohio precedent. Nevertheless, there is an explanation for the paucity of cases arising out of academic grading procedures. It is a manifestation of the reluctance of courts to involve themselves in the educational sphere.

From the judiciary's point of view, there is an interest in the economy of litigation. In today's litigious society, there is a universal desire to prevent overburdening an already severely taxed system with additional causes of action. For the educators, on the other hand, they are uniquely qualified in their field and they depend upon a certain degree of autonomy for the smooth operation of educational institutions.

For ages, it has been the nature of the judiciary to stand apart and to be an unbiased arbiter — never to step into the shoes of the litigator, be he teacher or student. Another reason for the court's policy of not invading the academic sphere is the character of the decision-making involved. Like the appraisal of artwork or the appreciation of music, grading determinations are essentially subjective and evaluative, lacking firm rules or guidelines or purely empirical data.

The essence of judicial relief, when it is appropriately sought, is to assure that the plaintiff-student be given fair treatment, and not for the court to reweigh or reevaluate the grades he or she received. The treatment afforded Sarah P. Johnson was fair and even-handed and this court will not intrude.

"* * * The educational process is not by nature adversary; instead it centers around a continuing relationship between faculty and students, 'one in which the teacher must occupy many roles — educator, adviser, friend, and, at times, parent-substitute.' *Goss* v. *Lopez,* 419 U.S., at 594 (Powell, J., dissenting). * * * We decline to further enlarge the judicial presence in the academic community and thereby risk deterioration of many beneficial aspects of the faculty-student relationship." *Board of Curators* v. *Horowitz* (1978), 435 U.S. 78, 90.

Therefore, defendants' motion to dismiss, or in the alternative, for summary judgment is granted. The counterclaim of defendant Irene Clyde fails to state a claim upon which relief may be granted, and is hereby dismissed.

*Judgment for defendants.*